UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON LUSTER,

    *Plaintiff*,

v.                                  CASE NO. 13-cv-14748

COMMISSIONER OF               DISTRICT JUDGE JUDITH E. LEVY
SOCIAL SECURITY,                MAGISTRATE JUDGE CHARLES E.
                                                 BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

**I.    RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits (DIB). The matter is currently before this Court on cross-motions for summary judgment.[2] (Docs. 12, 17.)

Plaintiff filed an application for a period of disability and disability insurance benefits with a protective filing date of December 12, 2011, alleging that she became unable to work on August 2, 2011. (Transcript, Doc. 10, at 41.) The claim was denied at the initial administrative stage. (*Id.*)

On November 30, 2012, Plaintiff appeared before Administrative Law Judge ("ALJ") Timothy J. Christensen, who considered the application for benefits *de novo*. (Tr. at 54-69.) In a decision dated March 8, 2013, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from August 2, 2008, through the date Plaintiff was last insured, March 31, 2012. (Tr. at 41-49.) Plaintiff requested Appeals Council review of this decision. (Tr. at 37.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on September 25, 2013, when

---

[2]The Court has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

the Appeals Council denied Plaintiff's request for review. (Tr. at 32-34.) On November 16, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Doc. 1.)

### B.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision

is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)(citations omitted)).

"Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006)("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party")(citations omitted); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

**C. Governing Law**

Disability for purposes of DIB is defined as the:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a) (DIB), 416.905(a)

(SSI). Plaintiff's Social Security disability determination is to be made through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007).

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)(cited with approval in *Cruse,* 502 F.3d 532, 540 (6th Cir. 2007)); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994)("[c]laimant bears the

burden of proving his entitlement to benefits."). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), (g).

### D. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through March 31, 2012, and had not engaged in substantial gainful activity since August 2, 2011. (Tr. at 43.) At step two, the ALJ found that Plaintiff's human immunodeficiency virus (HIV), anemia, history of pulmonary embolism (PE) and deep vein thrombosis (DVT), and status post surgery for uterine fibroids were serious impairments. (*Id*.) At step three, the ALJ found no evidence that Plainiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 43-44.) The ALJ found that the Plaintiff had the residual functional capacity (RFC) to:

> perform light work as defined in 20 C.F.R. 404.1567(b) except that [Plaintiff] could perform postural activities occasionally. She should avoid concentrated exposures to temperature extremes, humidity, and vibrations. [She] should not work around hazards.

(Tr. at 44.)

At step four, the ALJ found that Plaintiff's RFC did not preclude any work-related activities of her past relevant work and thus she could perform her past relevant work as a bank teller and cashier/clerk. (Tr. at 47.)

Although the ALJ found that Plaintiff was capable of performing her past relevant work, he also made alternative findings for step five of the sequential evaluation process. (*Id.*) The ALJ found that as of the alleged disability onset date, Plaintiff was forty five years old, which put her in the "younger individual, age 18-49" category. *See* 20 C.F.R. §§ 404.1563 and 416.963. The ALJ found that Plaintiff could perform a limited range of light, unskilled work and that she could perform several jobs that existed in significant numbers in the national economy. (*Id.*) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 49.)

    E.    **Administrative Record**

Plaintiff was diagnosed with human immunodeficiency virus (HIV) in 2004. (Tr. at 277.) She currently takes Atripla, as her highly active anti-retroviral therapy (HAART). (*Id.*)

In December 2011 and August 2012, Plaintiff's infectious disease specialist, Svetlana Aminova, M.D., noted that her HIV was clinically stable on her current HAART. (Tr. at 274, 390.) HIV laboratory testing revealed no viral load and normal CD4 levels in August 2010, December 2011 and September 2012. (Tr. at 294, 389, 393 .)

Plaintiff also has a history of chronic anemia. (Tr. at 169-290.) Plaintiff's anemia necessitated a blood transfusion in May 2011. (Tr. at 195.) Shortly after this transfusion,

Plaintiff experienced shortness of breath, and was diagnosed with pulmonary embolism (PE) and deep vein thrombosis (DVT). (Tr. at 210-243.) Plaintiff was admitted to Crittenton Hospital for five days and discharged on anticoagulation therapy (Coumadin). (*Id.*)

Plaintiff suffered a recurrence of PE and DVT in October 2011, approximately two months after she stopped taking the Coumadin due to lack of insurance. (Tr. at 245-274.) She resumed anticoagulation therapy. (*Id.*) A note from Plaintiff's infectious disease specialist, Dr. Aminova, indicates that Plaintiff again discontinued anticoagulation therapy on her own sometime prior to December 8, 2011 because she was not receiving medical supervision for the drug. Dr. Aminova noted that she instructed patient to find a new primary care physician to supervise anticoagulation therapy, and that Plaintiff was risking death by not adhering to that therapy. (Tr. at 273-274.) Plaintiff was treated for another recurrence of PE and DVT as a result of her non-compliance with her prescribed anticoagulation therapy in late December 2011. (Tr. at 285-291.)

In June 2012, Plaintiff's anticoagulation therapy was discontinued to permit further testing for her DVT and surgery for uterine fibroids. (Tr. at 525, 531, 538.) While off of the anticoagulation therapy, Plaintiff suffered another recurrence of PE and DVT in July 2012. (Tr. at 530-575.) Anticoagulation therapy was resumed. (*Id*.)

To address her chronic anemia, Plaintiff underwent a laparoscopic hysterectomy and adhesiolysis for menorrhagia secondary to uterine fibroids in September 2012. (Tr. at 445.) She developed a pelvic abscess as a complication from that surgery. (*Id.*) Plaintiff was

hospitalized, treated with antibiotics and the abscess resolved. (*Id.*)

B.D. Choi, M.D., a medical consultant for the State Agency, completed a Physical Residual Functual Capacity for Plaintiff in February 2012. Dr. Choi determined that Plaintiff could occasionally lift or carry 20 pounds and frequently lift or carry 10 pounds. (Tr. at 77.) Dr. Choi also indicated that Plaintiff could walk or stand up to six hours of an eight-hour workday, and sit up to six hours of an eight-hour work day. (*Id.*) Dr. Choi determined that Plaintiff could occasionally climb stairs, ramps, ladders, ropes and scaffolds, occasionally balance, stoop, kneel, crouch or crawl. (Tr. at 77-78.) Dr. Choi also opined that Plaintiff should avoid concentrated exposure to extreme temperatures, humidity, vibration and hazards such as machinery and heights. (Tr. at 78.)

At the administrative hearing, the ALJ asked the Vocational Expert ("VE") to consider an individual with Plaintiff's background who

> is limited to the light exertional level of work, could perform postural activities occasionally, should avoid concentrated exposure to temperature extremes, humidity extremes, vibration, and should not work around hazards.

(Tr. at 66.) The VE responded that such a person could perform Plaintiff's past relevant work as a bank teller and a cashier retail clerk. (*Id.*) The VE also testified that Plaintiff could work as an assembler (2,000 jobs regionally) and as a packager (2,000 jobs regionally). (Tr. at 66-67.)

The ALJ then asked the VE to consider the same hypothetical individual who, due to a combination of impairments and symptoms, would be off task more than 20% of the

9

workday (Tr. at 67.) The VE responded that such a limitation would be work preclusive. (*Id*.) In response to the ALJ's queries, the VE also testified that the need to be absent from the workplace two or more times a month would be work preclusive. (*Id*.)

**F.     Analysis and Conclusion**

Plaintiff argues that the ALJ committed three reversible errors. First, Plaintiff contends that the ALJ erred by failing to discuss whether her HIV and anemia met or equaled the relevant listings. Second, Plaintiff argues that the ALJ erred by developing an RFC that did not accurately portray Plaintiff's physical and mental impairments and nonexertional limitations. Finally, Plaintiff asserts that the ALJ's credibility findings relative to Plaintiff were fundamentally flawed thus necessitating remand. (Doc. 12.)

**1.     Evaluation under the Relevant Listings**

Plaintiff argues that the ALJ erred by failing to discuss whether Plaintiff's HIV and anemia met or equaled listing 14.00, 14.08, and/or 7.02 and that this error requires remand. (Doc. 12.)

As previously noted, if a claimant does not have current substantial gainful employment and suffers from a qualifying severe impairment, the ALJ must assess whether the claimant satisfies a listed impairment. *Sheeks v. Comm'r of Soc. Sec.*, 544 Fed. Appx. 639, 641 (6th Cir. 2013); 20 C.F.R. §416.920(a)(4)(iii). If a claimant's impairments meet or equal a listed condition, the ALJ must find him disabled. *Id*.

Although an ALJ need not discuss every listing, or any listing that the applicant

clearly does not meet, if the record raises a substantial question as to whether the claimant could qualify as disabled under a listing, the ALJ should discuss that listing. *Id*. In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing. *Blackburn v. Astrue*, 2012 WL 10509 at *9 (N.D. Ill., January 3, 2012)(citing *Barnett v. Barnhart*, 381 F.3d 664 (7th Cir. 2004)).

In the case at bar, Plaintiff argues that the ALJ erred by failing to "mention[] or evaluate[] Plaintiff's severe impairment under listing 7.02 (Anemia), 14.00 or 14.08 (HIV Infection)." (Doc. 12, p. 10, Tr. at 587.) Contrary to Plaintiff's assertion, the ALJ specifically addressed Plaintiff's severe impairments under listings 7.02 and 14.08.

> Although the claimant has impairments that are considered to be "severe," there is little to no medical evidence in the record to support a finding that the claimant's impairments, singly or in combination, meet or equal the requirements set forth in the Listing of Impairments. [citations omitted] In reaching this conclusion, the conditional imperatives of all listings, including those in sections 7.02 and 14.08 of Appendix 1 have been carefully considered.

(Tr. at 44.) The ALJ notes that Plaintiff does not have documented bacterial, fungal, protozoan, helminthic or viral infections; nor does she have malignant neoplasms, skin conditions, HIV wasting or encephalopathy, month long durational diarrhea, or any infection resistant to treatment. (*Id*.) Plaintiff's HIV has not required hospitalization or intravenous treatment and Plaintiff has not suffered repeated HIV manifestations which result in marked limitations of daily living, social functioning or concentration, persistence and pace. (*Id.*) Accordingly, Plaintiff has not met the requirements of listing 14.08. 20 C.F.R. Pt. 404,

Subpt. P, App. 1, §14.08A-K.   Additionally, the ALJ notes that Plaintiff's anemia has not required blood transfusions on average of at least once every two months, thereby failing to meet the requirements of listing 7.02A.  (*Id*.); 20 C.F.R. Pt. 404, Subpt. P, App. 1, §7.02A.

Plaintiff correctly notes that the ALJ failed to consider Plaintiff's impairments under listing 7.02B, which allows for a finding of chronic anemia where a claimant has a hematocrit persisting at 30% or less due to any cause with evaluation of the resulting impairment under criteria for the affected body system.  Nevertheless, I do not find this omission to amount to reversible error because neither Plaintiff, nor the evidence of record, raises a substantial question as to whether Plaintiff could meet the requirements of listing 7.02B.  *See Sheeks*, 544 Fed. App'x. at 641.

A plaintiff must do more than show the ALJ's decision leaves open the question whether he meets the listing; he must show the question is a **substantial** one that justifies a remand.  *Id* at 641-642.  Indeed, to raise a substantial question as to whether a listing has been satisfied, Plaintiff must point to specific evidence that demonstrates that she could reasonably meet or equal every requirement of that listing. *Smith-Johnson v. Comm'r of Soc. Sec.*,  2014 WL 440999 at *6 (6th Cir., Sept. 8, 2014).  In the case at bar, Plaintiff does not cite to any evidence of record demonstrating that she reasonably meets the requirements of listing 7.02B, i.e., that her chronic anemia has resulted in an impairment of some other body system.  *Cf. McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)(Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are

deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones). Plaintiff has failed to raise a substantial question that she meets listing 7.02B, and the ALJ did not commit reversible error in failing to discuss this listing.

Plaintiff likewise fails to cite to any evidence of record demonstrating that she meets the requirements of listing 14.08A-K, instead quoting lengthy passages from *Christephore v. Comm'r of Soc.Sec.* 2012 WL 2274328 at *7(E.D. Mich., June 18, 2012) to suggest that the ALJ's analysis of Plaintiff's impairments under listing 14.08 was inadequate to facilitate meaningful review. This Court need not consider such underdeveloped claims as these bare recitations of law with no discernable connection to the record evidence. *See McPherson*, 125 F.3d at 995-996; *see also Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D.Mich. 2010)("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.")(citations omitted); *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865 at *1 n.1 (Order adopting Magistrate's Report and Recommendation and pointing out Plaintiff's counsel's reliance on "conclusory assertions and absence of developed argument").

Nevertheless, even if fully-developed, Plaintiff's argument is without merit. In *Christephore*, the court determined that the ALJ's perfunctory analysis of the plaintiff's ailments at Step Three was beyond meaningful review and necessitated remand because it did not "mention or discuss 14.00F or 14.08A-K, and...evaluate Plaintiff's symptoms and the

13

side effects of [the] HIV medication in relation to these listings." *Christephore*, 2012 WL 2274328 *7. The case at bar may be distinguished from *Christephore* because, unlike the ALJ in that case, the ALJ here specifically addressed the requirements of each sublisting of 14.08 and determined that there was no record evidence to support a finding under any of them. (Tr. at 44.); *See Smith-Johnson*, 2014 WL 440999 at *6(to raise a substantial question as to whether a listing has been satisfied, a plaintiff must point to specific evidence that she could reasonably meet or equal every requirement of that listing).

## 2. RFC

Plaintiff argues that the ALJ's determination of non-disability is not supported by substantial evidence because the developed RFC does not accurately portray Plaintiff's physical and mental impairments and nonexertional limitations. (Doc. 12.) Specifically, Plaintiff argues that the ALJ's RFC omits acknowledgment of or accommodation for the severe fatigue and side effects Plaintiff suffers from her HIV medications, and does not address her depression, anxiety and insomnia. (Doc. 12.) Plaintiff is correct in her argument that an RFC must accurately portray a plaintiff's physical and mental impairments, *see Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010); however, the ALJ's RFC finding that Plaintiff could perform a limited range of light work is consistent with the objective medical evidence.

First, the RFC incorporates all the restrictions suggested by state agency consultant, Dr. Choi, who provided the only medical opinion evidence in this case. (Tr. at 77-78.)

14

Second, the impairments or symptoms Plaintiff claims were overlooked by the RFC either are not documented in the evidence of record or do not warrant additional exertional or nonexertional limitations.

Plaintiff argues that the RFC does not account for the severe side effects she suffers from her HIV medication. Nevertheless, as noted by the ALJ, Plaintiff's medical records are devoid of any complaints of adverse medicinal side effects. (Tr. at 46, 273-394.) Moreover, Plaintiff did not testify to any medicinal side effects at her administrative hearing, and, in her application, describes her side effects only as night sweats and nightmares, afflictions that do not impact functional capacity. (Tr. at 144.); *Helm v. Comm'r of Soc. Sec.*, 405 Fed. Appx. 997, 1001 (6th Cir. 2011)(a claimant must do more than show she is severely impaired; the impairment must result in functional limitations).

Plaintiff also argues that the RFC ignores her depression, anxiety and insomnia. Plaintiff has not explained why further limitations would be required in order to account for her depression and anxiety, nor has she suggested what those additional limitations should be. *See Marini v. Comm'r of Soc. Sec.*, 2014 WL 1230034, at *5 (E.D. Mich. March 25, 2014)(RFC adequately accounted for claimant's impairment where claimant fails to explain why facts require a more restrictive RFC and what those further restrictions should be). Moreover, the objective medical evidence reflects only that Plaintiff had been receiving unspecified treatment for depression and anxiety for about one month. (Tr. at 426.) The evidence of record does not indicate the nature or severity of her symptoms or any limitations

15

they may or may not impose on her functionality. (*Id.*); *Helm*, 405 Fed. Appx. at 1001. Without any evidence that Plaintiff's depression and anxiety impose functional limitations or explanation as to why they necessitate further restrictions, I must conclude that the RFC accurately portrays Plaintiff's limitations and the ALJ's determination based on this RFC is thus supported by substantial evidence.

### 3. Credibility

Plaintiff argues that the ALJ did not properly evaluate her credibility. Contrary to Plaintiff's argument, however, the ALJ gave very specific reasons for discounting Plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms. As required by the Regulations, the ALJ fully explained his credibility determination with respect to Plaintiff's symptoms. 20 C.F.R. §§ 404.1529, 416.929; *see also* SSR 96-4p and 96-7p. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witnesses's demeanor and credibility." *Walters,* 127 F.3d at 531.

Credibility assessments are not insulated from judicial review. Despite deference due, such a determination must nevertheless be supported by substantial evidence and contain specific reasons for the weight the adjudicator assigned to the individual's statements. *See id.*; SSR 96-7p. To the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your

pain or other symptoms or about the effect your symptoms have on your ability to work... solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). In addition to objective medical evidence, the ALJ must consider all the evidence of record in making his credibility determination. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (3); *see also Felisky*, 35 F.3d at 1039-41.

In the case at bar, the ALJ considered the evidence of record and multiple factors when determining the credibility of Plaintiff's statements about the limiting effects of her symptoms. The ALJ considered the objective medical evidence, particularly the stability of her conditions when controlled with medication, the resolution of her uterine condition after surgery, and the absence of evidence of adverse medicinal side effects. (Tr. at 45-46.)

Additionally, the ALJ considered the inherent inconsistency between Plaintiff's application for unemployment compensation from the State of Michigan and her claim for disability benefits. *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004). In Michigan, the receipt of unemployment benefits is contingent on an averment that the claimant is able and willing to work, and accordingly, the receipt of unemployment benefits may be considered in the evaluation of a disability claimant's credibility. *Auld v. Comm'r of Soc. Sec.*, 2014 WL 2883448 at *9 (E.D. Mich., June 25, 2014)(citing *Justice v. Comm'r of Soc. Sec.*, 515 Fed. Appx. 583, 587 (6th Cir. 2013) and *Workman*, 105 Fed. Appx. at 801). The ALJ determined that Plaintiff's collection of unemployment benefits and its

underlying representation that she was able and willing to work belied her claim that she was disabled from all gainful activity and that this discrepancy was sufficient to undermine Plaintiff's overall credibility. *See Auld,* 2014 WL 2883448 at *9. Accordingly, the ALJ adequately explained his credibility findings and his credibility determination is supported by substantial evidence in the record.

### G. Conclusion

For all these reasons, after review of the record, I suggest that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with

the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                                s/ *Charles E. Binder*

                                                        CHARLES E. BINDER

Dated: December 9, 2014                United States Magistrate Judge